LUTHER MOODY *vs.* GEORGE J. TENNEY.

In an action to recover the price of work done at the request of the defendant, in which the defence is that the defendant acted only as agent of a corporation on whose credit the work was performed, the plaintiff may introduce evidence to show that the defendant paid to other workmen employed by him in the same service the amount of their bills which were made out against him personally.

CONTRACT to recover for work done upon a railroad station. At the trial in the superior court, before *Ames*, J., it appeared that the plaintiff did the work in question at the request of the defendant, and the only question was whether the defendant acted on his own account or as agent of the railroad company, of which he was the president. In reference to this question, the plaintiff was allowed to introduce evidence, under objection, to show that the defendant employed other mechanics upon the same building, who presented to him bills for their work made out against him personally, which he paid. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. D. Northend*, for the defendant.

*J. C. Perkins*, for the plaintiff.

BIGELOW, C. J. The contention between the parties at the trial of this case was, whether the defendant, in erecting the building on which the plaintiff worked, acted as agent of the corporation, or had undertaken the work on his own account. In all cases of unwritten contracts, where the question arises as

---

When this action was commenced, the titles stood as follows: The demandant held a third mortgage on the premises; the tenant held two prior mortgages, and also the equity of redeeming the demandant's mortgage. He had taken possession for the purpose of foreclosing the prior mortgages. In respect to them, this action cannot be maintained. But as to the equity, the action may be maintained for the purpose of foreclosure, as was determined in the case of *Cronin* v. *Hazletine*. The presiding judge having ruled otherwise, the entry must be, *Exceptions sustained.*

P. P. *Todd*, for the demandant.

W. *Colburn*, for the tenant.

to the liability of the agent, instead of the principal, the real point at issue is to ascertain with whom the contract was in fact made. If with the agent, then he is personally responsible, even although he may be known to be acting for his principal. Story on Agency, § 279. A person may employ another to do work on a building belonging to a third party, and become personally responsible for the payment of the amount due for services rendered. If the agent undertakes to do the work on his own account, he makes himself liable, because he allows credit to be given to himself by those whom he employs. In the trial of the question of fact with whom the contract was made in a particular transaction, evidence of the acts and conduct of the agent in relation to the business or undertaking is competent, for the purpose of showing that he was carrying it on for his own account, and intended to make himself personally responsible to persons employed by him. If he employed other persons about the same work, or purchased materials for it on his own credit and in his own name, and paid bills in which he was charged personally therefor, the inference is fair and reasonable that the whole work was done on his account and credit, and that he is responsible to all who were engaged by him to furnish labor or materials in like manner. Such evidence, although not decisive, is nevertheless strong circumstantial proof in support of the issue that the plaintiff did the work exclusively on the credit of the agent.                                    *Exceptions overruled.*